UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENISE MONARQUE, as Personal Representative
of the Estate of RICHARD MONARQUE, Deceased,

    Plaintiff,

v.                                                                        CIV 11-0135 MV/KBM

THE CITY OF RIO RANCHO, RIO RANCHO POLICE
DEPARTMENT, JUSTIN GARCIA, LEROY MALDONADO,
MONTE JONES, and ROBERT BOONE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants' Motion for Protective Order, filed April 11, 2011 *(Doc. 20)* ("Motion"). Having carefully reviewed the parties' submissions, the relevant authorities, and being otherwise fully advised, I find that the Motion is not well-taken and will be denied.

**I.    BACKGROUND**

Plaintiff Denise Monarque is the brother of Richard Monarque, who died on January 15, 2009 during an encounter with Defendants Justin Garcia, Leroy Maldonado, and Monte Jones, who were officers of the Rio Rancho Police Department. *See* Transmittal of State Court Docs. at 5-13, filed February 11, 2011 *(Doc. 4-1)*. Plaintiff makes several claims against the Defendants, including claims pursuant to 42 U.S.C. § 1983 for violations of her brother's civil rights and pursuant to Section 504 of the Rehabilitation Act for discrimination against her brother on account of his psychological disabilities. *See generally id.*

After answering Plaintiff's Complaint, the Defendants filed a Motion for Summary Judgment, seeking dismissal of all claims on the grounds of qualified immunity. *See Doc. 9*. In that motion Defendants also sought a stay of discovery. Defendants contend that requiring them to undergo discovery during the pendency of the Motion for Summary Judgment "would undercut the purpose of qualified immunity, which is to protect defendants not only from liability but also the burdens of the litigation process." *See id.* at 18. Plaintiff opposes any stay of discovery because, in her view, the Defendants' claim of qualified immunity turns at least partially on a factual question or, alternatively, the Court is unable to rule on the immunity defense without further clarification of the facts. *See Doc. 12* at 23.

The Court held its Rule 16 Initial Scheduling Conference on March 24, 2011. *See Doc. 16*. At the conference, we discussed the possibility that Plaintiff would need some discovery on the qualified immunity issue. The Court therefore advised the parties that it would not decide whether to stay discovery until after review of the Motion for Summary Judgment, which was not yet fully briefed. *See* Notice of Completion, filed March 30, 2011 *(Doc. 19)*.

Before the Court ruled on the requested stay, however, Plaintiff served a request for documents and materials to the Rio Rancho Police Department Records Custodian. *See* Motion at Ex. 1. The request, dated April 4, 2011, sought the "complete police report, photographs, diagrams, and all audio recordings" relevant to the incident at issue as well as a background check on Defendant Leroy Maldonado. *See id.* Plaintiff's counsel did not copy Defendants' attorney on this request or otherwise advise him of it. *See* Motion at 2.

On April 11, 2011, the Defendants filed the instant Motion seeking a protective order, alleging that Plaintiff was "conducting *ex parte* discovery in the form of Inspection of Public

Records Act ("IPRA") requests" during the pendency of the Motion for Summary Judgment and requested stay of discovery. *See* Motion at 1. On April 26, 2011, after the Defendants filed the instant Motion but before it was fully briefed, the Court held a telephonic hearing in this case. At that time, Plaintiff's attorneys Daniel Philip Estes and Jason Alarid agreed to abstain from making any additional IPRA requests until the Court ruled on the Motion. *See* Clerk's Minutes, filed April 26, 2011 *(Doc. 27)*. The Court further advised the parties that it planned to issue a stay of discovery. *See id.*

Plaintiff maintains that her records request was proper under IPRA and cites to relevant case law from the Honorable James O. Browning of this district as well as the Honorable Beatrice Brickhouse of the New Mexico State District Court. *See generally Doc. 25*.

## II.     LEGAL STANDARD

As a general rule, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and locations of persons who know of any discoverable matter." FED. R. CIV. P. 26(b)(1). The Court is empowered to limit discovery under certain circumstances, including when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii). Similarly, upon a showing of good cause, the Court may grant a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "Good cause" is a standard that is "highly flexible, having

been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (quoting *United States v. Microsoft Corp.*, 165 F.3d 952, 959 (D.C. Cir. 1999)). "The district court is in the best position to weigh these variables and determine the appropriate limits because, unlike an appellate court, the district court has the ability to view firsthand the progression of the case, the litigants, and the impact of discovery on parties and nonparties." *Miller v. Regents of Univ. of Colo.*, No. 98-1012, 188 F.3d 518 (Table), 1999 WL 506520 at *12 (10th Cir. 1999) (unpublished).

In cases where qualified immunity is asserted as a defense, it is common for courts to issue protective orders staying all discovery until pending motions asserting qualified immunity have been decided. *See, e.g., Weise v. Casper*, 507 F.3d 1260, 1263 (10th Cir. 2007) (noting that "[t]he magistrate granted Defendants' motions for a protective order and stayed all discovery until the pending motions to dismiss based on qualified immunity were decided").

**III.     DISCUSSION**

    **A.     The Law Regarding Inspection of Public Records**.

Under New Mexico law, "[e]very person has a right to inspect public records of this state." N.M. Stat. Ann. § 14-2-1(A) (2005). "Public records" is defined as

> all documents, papers, letters, books, maps, tapes, photographs, recordings and other materials regardless of physical form or characteristics, that are used, created, received, maintained or held by or on behalf of any public body and relate to public business, whether or not the records are required by law to be created or maintained.

N.M. Stat. Ann. § 14-2-6(E). Exceptions include "law enforcement records that reveal confidential sources, methods, information or individuals accused but not charged with a crime."

N.M. Stat. Ann. § 14-2-1(A)(4).  The only other exception which may be relevant in this case is the catch-all exception, "as otherwise provided by law."  N.M. Stat. Ann. § 14-2-1(A)(12).  This exception "has generally be interpreted as referring to exceptions contained in other statutes and properly promulgated regulations."  *City of Farmington v. The Daily Times*, 146 N.M. 349, 353, 210 P.3d 246, 250 (Ct. App. 2009).

The New Mexico Supreme Court has recognized one additional "confidentiality exception," which has been referred to as the "rule of reason."  *See Spadero v. Univ. of N.M. Bd. of Regents*, 107 N.M. 402, 404, 759 P.2d 189, 191 (1988) (stating that "[t]he Supreme Court in *[State ex rel.] Newsome [v. Alarid*, 90 N.M. 790, 798, 568 P.2d 1236, 1244 (1977)] carved out a non-statutory 'confidentiality exception to disclosure under [IPRA]").  Under the "rule of reason," the district court should "balance 'the fundamental right of all citizens to have reasonable access to public records against countervailing public policy considerations which favor confidentiality and nondisclosure."  *Spadero*, 107 N.M. at 404, 759 P.2d at 191.  This test is intended "to supplement IPRA by providing a mechanism for addressing claims of confidentiality that have not yet been specifically addressed by our Legislature."  *City of Farmington*, 146 N.M. at 353, 210 P.3d at 250.  Even under the rule of reason exception, "a citizen's right to know is the rule and secrecy is the exception."  *Id.* (quoting *Newsome*, 90 N.M. at 797, 568 P.2d at 1243).

In terms of procedure, the custodian of records bears the burden of showing a reason for non-disclosure.  *See id.* at 354, 210 P.3d at 251.  The court then reviews the documents at issue *in camera* to assess the potential harm in the event the records are not disclosed.  *See id.*  "Our courts can competently satisfy this duty by weighing the explanation furnished by the custodian

5

against the harm customarily associated with secrecy in government." *Id.*

### B. Interplay Between IPRA and Federal Rules of Civil Procedure Concerning Discovery in the District of New Mexico.

Three judges in this judicial district have considered the propriety of IPRA requests by and between litigants in federal court. The Honorable James O. Browning was the first to consider the IPRA in this context. *See Noland v. City of Albuquerque*, CIV 08-0056 at *Doc. 72* (D.N.M. filed Oct. 27, 2009). The plaintiff in *Noland* served an IPRA request upon the defendant before the parties' Fed. R. Civ. P. 26(f) conference. *See id.* at 2. The defendant filed a Motion for Protective Order, arguing, pursuant to Fed. R. Civ. P. 26(d)(1), that the plaintiff "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." *See id.* Noting that the parties' scheduling conference was set for the day after his ruling, Judge Browning held that the plaintiff's request for a temporary stay was, in essence, moot. *See id.* at 2-3. Judge Browning also found no legal basis for preventing the plaintiff from making requests for public information while his lawsuit was pending. *See id.* at 5 ("the IPRA provides a statutory right to request information, independent of the limits or constraints on discovery provided in the Federal Rules of Civil Procedure.").

The Honorable Lorenzo F. Garcia considered a plaintiff's IPRA requests in a different context. *See Lowe, et al. v. State ex rel King*, CIV 10-0315 at *Doc. 25* (D.N.M. filed Sept. 28, 2010). Before the plaintiff made her IPRA request in *Lowe*, Judge Garcia entered a stay of discovery until the Court resolved a pending Motion to Dismiss on grounds of qualified immunity. *See id.* at 1-2. Judge Garcia found that "the IPRA request by Plaintiff's counsel directly violated the Court's order staying discovery and constitutes an attempt to make an end-

run around that order." *Id.* at 7. Finding that there was no court order in place specifically staying discovery in *Noland*, Judge Garcia distinguished Judge Browning's earlier decision. *See id.* at 6. Whereas the defendants in *Noland* "argue[d] that merely filing a lawsuit acts as an automatic bar and eliminates Plaintiff's rights to submit requests under IPRA," the defendants in *Lowe* "ask for sanctions for violation of a specific order of the Court." *Id.* at 7. Judge Garcia found that "[t]his circumstance differs significantly from that in the *Noland* case and calls for a different result." *Id.*

On appeal from Magistrate Judge Garcia's order, the Honorable Judith C. Herrera found that the order was neither clearly erroneous or contrary to law. *See Lowe v. State of New Mexico*, No. CIV 10-0315 (D.N.M. filed Jan. 3, 2011). Judge Herrera noted that "Plaintiffs proceeded as if this lawsuit did not exist, requesting materials in the face of the Court's discovery stay and even contacting the opposing party directly rather than contacting Defendant's counsel." *Id.* at 4. Further, Judge Herrera found that Judge Garcia "properly distinguished this case" from *Noland* and agreed with Judge Garcia that "it is 'disingenuous for Plaintiffs' counsel to assert that he is simply exercising his right as a private citizen seeking information from a public agency [when he] is clearly gathering discovery materials for this lawsuit that he was forbidden to gather pending a ruling on the immunity issue raised by Defendant." *Id.* at 4-5.

      **C.**     **Plaintiff's Counsel's IPRA Request Does Not Violate Any Order of This Court or the Rules of Professional Conduct, And Defendants' Motion for Protective Order Will Therefore Be Denied.**

The present case falls somewhere between *Noland* and *Lowe*. Although there was no court order in place staying discovery, the Defendants' request for a stay was pending and the Court had specifically discussed the stay with the parties before Plaintiff's attorney submitted her

IPRA request to the Rio Rancho Police Department. Absent such an order, the Court finds there is no basis upon which to deny Plaintiff's right to obtain public information under IPRA. The New Mexico Legislature has made its policy favoring access to public records abundantly clear. *See* N.M. Stat. Ann. 14-2-5 (noting that "the intent of the legislature in enacting the Inspection of Public Records Act is to ensure, and it is declared to be the public policy of this state, that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of public officers and employees"); *City of Farmington*, 146 N.M. at 353, 210 P.3d at 250 (noting the "strong public policy favoring access to public records" (citation omitted)). The Court further finds no violation of the New Mexico Rules of Professional Conduct in that counsel's IPRA request, while it does constitute communications with a person known to be represented by counsel, was not directed at a person having managerial responsibility on behalf of the Defendant Rio Rancho Police Department. *See* N.M. Code R. § 16-402.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' Motion for Protective Order, filed April 11, 2011 (Doc. 20) is **denied**.

**IT IS FURTHER ORDERED** that, consistent with the Court's ruling on April 26, 2011 and as reflected in the Clerk's Minutes *(Doc. 27)*, that the Defendants' motion for a stay of discovery, contained within the Defendants' Motion for Summary Judgment Based on Qualified Immunity (Doc. 9) is **granted**.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent