IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENISE MONARQUE,
as personal representative of the estate
of Richard Monarque, deceased

       Plaintiff,

v.                                      CIV 11-0135 MV/KBM

THE CITY OF RIO RANCHO,
RIO RANCHO POLICE DEPARTMENT,
JUSTIN GARCIA, LEROY MALDONADO,
MONTE JONES, and ROBERT BOONE,

       Defendants.

## PROPOSED FINDINGS
## AND
## RECOMMENDED DISPOSITION

    THIS MATTER is before the Court on Plaintiff's motion to certify the interlocutory appeal as frivolous. *See Doc. 45*; *see also, e.g., Stewart v. Donges,* 915 F.2d 572, 574-76 (10th Cir. 1990). Presiding District Judge Martha Vázquez referred the matter to me for a recommended disposition. *See Doc. 46* Having carefully reviewed the briefing and applicable law and having heard the arguments of counsel on March 21, 2012, I find that an evidentiary hearing is unnecessary, and recommend that the motion be denied.

    As pertinent here, Judge Vázquez denied summary judgment on Plaintiff's excessive force claim based on facts that were either undisputed or taken in the light most favorable to

Plaintiff. She noted that "plaintiff has set forth evidence that Officer Maldonado was, in some fashion, 'on top' of Mr. Monarque's upper body for a period of two to three minutes." *Doc. 36* at 14. Judge Vázquez concluded that set of facts, "if believed, . . . constitutes a use of excessive force in violation of the Fourth Amendment." *Doc. 36* at 11. Relying on *Weigel v. Broad*, 544 F.3d 1143, 1152 (10th Cir. 2008), she also found the law in this regard to have been clearly established. *Id.* at 13-14. She accordingly denied qualified immunity to the individual defendants, and they took an interlocutory appeal.

Defendants contend that their interlocutory appeal is not frivolous because they are challenging Judge Vázquez' "interpretation of the applicable law, and specifically its interpretation of *Weigel*" and as well as her "application of the facts offered by the Plaintiff to the relevant law." *Doc. 48* at 2. Plaintiff's motion to dismiss the appeal, filed in the Tenth Circuit, arguably indicates that the appeal is based the facts most favorable to Plaintiff and questions of applicable law.

> In Defendants' Tenth Circuit appellate docketing statement (filed February 17, 2012), Defendants raise the following issues on appeal:
>
> A. Under clearly established law, specifically, *Gallegos v. City of Colorado Springs,* 114 F.3d 1024 (10th Cir. 1997), these Defendants were permitted, if not required, to take action to detain and restrain a delusional man wandering a residential neighborhood.
>
> B. The facts most favorable to Plaintiff establish that these Defendants did not violate clearly established law in restraining a hallucinatory man fighting off imaginary biting dogs, and that the officers' conduct was "justified at its inception" under Gallegos.
>
> C. These Defendants did not violate clearly established law by restraining Mr. Monarque by his legs and feet, and monitoring his breathing while waiting for EMTs to arrive and assist him, ***even if one or more were in some unspecified location "on top of him"***

>   ***for some unspecified amount of time.*** Defendants' Docketing Statement, at pg. 5.

*Monarque v. Garcia,* 12-2016 (Document 01018797109, filed 2/21/12, at page 3, para. 5) (emphasis added).[1] At oral argument, counsel for Defendants argued that "under the facts offered by both parties, this was detention constitutional under the community caretaker doctrine" which was not implicated in the *Weigel* case. *See Doc. 48* at 6. Although I find it difficult to believe that the community caretaker doctrine could justify greater force than when it is exercised in the context of apprehending a criminal suspect, it is inappropriate to address the merits of the issue presented on appeal.

An appeal, such as this one, taken on the basis of the facts most favorable to Plaintiff and challenging applicable law is not "frivolous" as a matter of law. Plaintiff, therefore, fails to meet her difficult burden, no hearing is necessary to resolve the motion, and this Court remains divested of jurisdiction to proceed. *See Buck v. City of Albuquerque,* CIV 04- 1000 JP/DJS (Doc. 232); see also, e.g., *Buck v. City of Albuquerque,* 539 F.3d 1269, 1276-77 (10th Cir. 2008) (and cases cited therein); *Howards v. Reichle,* Civil Action No. 06-cv-01964-CMA-CBS, 2009 WL 2338086, at **1-2 (D. Colo. July 28, 2009) (same); *Shroff v. Spellman,* Civil Action No. 07-cv-01466-REB- KMT, 2009 WL 1904328, at *1 (D. Colo. July 1, 2009).

Wherefore,

---

1 Plaintiff can clarify at the Tenth Circuit that the Court found Plaintiff's proffered evidence to show application of some type of pressure to the upper body for a duration of two to three minutes.

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion to certify the appeal as frivolous (Doc. 45) be **denied**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE